# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY WAYNE WEAKLEY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:19-cv-00549-RDP-JHE |
| | ) | |
| **STEVEN T. MARSHALL,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

On December 13, 2019, the Magistrate Judge entered a Report and Recommendation (Doc. 17) recommending that the petition for writ of habeas corpus be dismissed with prejudice. Petitioner Timothy Wayne Weakley ("Weakley" or "Petitioner") has filed objections. (Doc. 18). The court has considered the entire file in this action, together with the report and recommendation ("R&R"), and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

The Magistrate Judge concluded that Weakley's petition, which challenges a state sentence imposing an obligation on Weakley to pay restitution through his then-pending Chapter 13 bankruptcy proceeding, did not present a cognizable claim because it only alleged violations of state law. (*See* Doc. 17). In addition to making enumerated objections, Weakley focuses on the Magistrate Judge's statement that Weakley "has potentially presented a viable claim for habeas relief," arguing it contradicts the Magistrate Judge's later conclusion that Weakley "does not raise a claim for habeas relief at all." (Doc. 18 at 3-4). However, Weakley misreads the Magistrate Judge's R&R.

Weakley initially focuses on the Magistrate Judge's conclusion that Eleventh Circuit precedent holding that a habeas petitioner may not challenge the legality of the restitution portion of his sentence. Contrary to his assertion, this reference does not mean that Weakley's claim, which includes a suspended prison sentence, was not cognizable in a habeas petition due to a failure to meet the habeas "in custody" requirement. (Doc. 17 at 5-6). Indeed, the Magistrate Judge assumed that he could.[1] Further, the Magistrate Judge concluded that, regardless of whether Weakley had presented a cognizable claim based on the *relief* he seeks, the underlying claim itself is not cognizable because Weakley alleges only violations of state law. (*Id.* at 6-8). Again, contrary to his contentions, the Magistrate Judge's findings are not inconsistent with the R&R's recommendations, as Weakley claims.

Turning next to Weakley's enumerated objections, he first argues that the State of Alabama created a liberty interest subject to due process analysis when it imposed a restitution obligation, and that the Magistrate Judge should have analyzed it as such rather than concluding Weakley alleged only a violation of state law. (Doc. 18 at 6-7). "When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). But "a State creates a protected liberty interest by placing substantive limitations on official discretion." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989) (quoting

---

[1] Later in his objections, Weakley contends that the Lauderdale County trial court has now issued a warrant for his arrest and argues that he meets the habeas "in custody" requirement because of that. (Doc. 18 at 14). Since the Magistrate Judge proceeded under the assumption that Weakley could meet the "in custody" requirement due to the threat of the suspended sentence's re-imposition, it is unnecessary for the court to consider whether it should take judicial notice of the arrest warrant, as Weakley requests.

*Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). Weakley did not identify in his petition, and has not identified in his objections, how any official discretion was limited by his restitution obligation such that it would have created a liberty interest under the Constitution. The Magistrate Judge did not err in finding that Weakley's petition concerns only a violation of state law, which cannot support habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Weakley's second objection concerns the Magistrate Judge's quotation from a particular portion of *Carrizales v. Wainwright*, 669 F.2d 1053 (11th Cir. 1983): "federal habeas relief is available only if the petitioner alleges and proves that his conviction contravenes federal law." (Doc. 18 at 9). Weakley contends this reference shows the Magistrate Judge did not consider his petition, as he is attacking only his sentence rather than his conviction. (*Id.* at 9-10). But, the Magistrate Judge's analysis tracks Weakley's claims and specifically refers to his sentence. (*See, e.g.,* Doc. 17 at 6 ("Weakley has potentially presented a viable claim for habeas relief notwithstanding his challenge nominally attacks the restitution portion of his sentence"), 8 ("None of this points to illegality in Weakley's plea agreement or sentence apart from an arguable violation of state law.")). Weakley's second objection is meritless.

In his third and fourth objections, Weakley argues that the Magistrate Judge did not adequately address whether the restitution order "chills, burdens or frustrates [his] substantive constitutional right to voluntarily dismiss his bankruptcy at any time" (Doc. 18 at 11-12), and that the Magistrate Judge erred by concluding Weakley was not in custody in violation of federal law because the restitution order blocked that right (*id.* at 14-17). Weakley does not point to any authority to support that a right to dismiss a Chapter 13 bankruptcy petition is constitutional in nature. In fact, any right to dismiss a Chapter 13 petition is statutory – it is wholly a creation of the bankruptcy code itself. *See* 11 U.S.C. § 1307(b) ("On request of the debtor at any time, if the

case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable."). That Weakley has a statutory right under the bankruptcy code to dismiss his Chapter 13 petition does not mean that exercising that right exempts him from the consequences of doing so, nor does it make those consequences a matter of constitutional import solely because they might result in the imposition of a suspended sentence. Neither of these objections hold water.

Weakley's fifth and final objection is that the Magistrate Judge mischaracterized Respondent's argument and found Weakley's claim not cognizable for a reason Respondent did not argue. (Doc. 18 at 17-19). But, this court (and the Magistrate Judge) are not automatons. Judicial officers are not bound to find a non-cognizable claim to be cognizable simply because the parties did not make a correct argument. Contrary to Weakley's assertion, it was unnecessary for the Magistrate Judge to address Respondent's contention that Weakley could seek relief from the bankruptcy court. (Doc. 18 at 19). As the Magistrate Judge correctly concluded, Weakley's claim was otherwise barred. And, even if it was error for the Magistrate Judge to fail to address this argument (and, to be clear, it was not), any such error was harmless.

Following his objections, Weakley includes a section suggesting that there remain "unresolved issues." (Doc. 18 at 19-20). The two issues Weakley points to are (1) the inability of the Alabama Court of Criminal Appeals, Respondent, or the Magistrate Judge to find a case in which a court ordered restitution paid through a bankruptcy proceeding and (2) the R&R's failure to address his argument that his wife, a joint debtor in the bankruptcy proceeding, was unfairly burdened with the restitution obligation. The first of these arguments is immaterial, as it is Weakley's burden to show a constitutional violation, not the burden of either the court or Respondent to disprove one. *See Blankenship v. Hall,* 542 F.3d 1253, 1270 (11th Cir. 2008)

(noting that the petitioner bears the burden to establish his right to habeas relief and prove all facts necessary to show a constitutional violation). The second argument is not one Weakley has standing to raise. And, it is also moot, because whatever problem the second "unresolved issue" might raise, Weakley's bankruptcy petition was severed from his wife's and has been dismissed. *See In re: Timothy W. Weakley and Anita L. Weakley*, Case No. 16-82685-CRJ13 (Bankr. N.D. Ala.); *In re: Timothy W. Weakley*, Case No. 17-83366-CRJ13 (Bankr. N.D. Ala.).[2]

For all these reasons, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

**DONE** and **ORDERED** this January 13, 2020.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] Consistent with the Magistrate Judge's approach, this court takes judicial notice of the Weakleys' bankruptcy proceedings. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of [other] courts.").